**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff*,
Mathew Cortez

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| MATHEW CORTEZ,<br><br>Plaintiff,<br><br>v.<br><br>ACTION PROFESSIONALS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P); AND**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32.**<br><br>**JURY TRIAL DEMANDED** |

//
//

**COMPLAINT FOR DAMAGES**                                                        PAGE 1 OF 8

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. Plaintiff MATHEW CORTEZ ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ACTION PROFESSIONALS, INC. ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

4. Plaintiff makes these allegations based on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges based on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

//

//

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §§ 1692-1692(p).

7. This action arises out of Defendant's violations of the following: (i) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692(p) and (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant conducts business within the State of California, personal jurisdiction is established.

9. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Elk Grove, County of Sacramento, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;
   (b) does substantial business within this district;
   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,
   (d) the harm to Plaintiff occurred within this district.

## PARTIES

10. Plaintiff is a natural person who resides in the city of Elk Grove, County of Sacramento, State of California.

11. Defendant is a California corporation, incorporated under the laws of the State of California, which in the ordinary course of business, regularly, on behalf of

itself or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

15. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16. At all times relevant, Defendant conducted business in the State of California.

17. Sometime before April 2017, Plaintiff allegedly incurred financial obligations to CENTRAL COAST EMERGENCY PHYSICIANS.

18. These financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. 1692a(5).

19. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to whether or not this alleged debt was actually owed as it is irrelevant to this matter.

20. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about April 6, 2017, Defendant mailed a letter to Plaintiff in attempt to collect upon an alleged debt owed to Central Coast Emergency Physicians.

22. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. This communication was a "debt collection" as Cal. Civ. Code § 1788.2(b) defines that phrase and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

24. In said letter, Defendant, a third-party debt collector, failed in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a required notice of debtor's rights to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant is a violation of the RFDCPA.

25. Through this conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with collection of an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

26. Through this conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to attempt to collect an alleged debt from Plaintiff. This section is incorporated

into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

27. Through this conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by Cal. Civ. Code § 1812.700(a), Defendant has violated 15 U.S.C. § 1692f by utilizing unfair or unconscionable means to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

30. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations

of the RFDCPA.

33. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and
- any and all other relief that this Court deems just and proper.

//
//
//
//
//
//

### TRIAL BY JURY

34. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 2, 2017                              Respectfully submitted,

                                              **KAZEROUNI LAW GROUP, APC**

                                              By:      /s/ ABBAS KAZEROUNIAN
                                                          ABBAS KAZEROUNIAN, ESQ.
                                                          MONA AMINI, ESQ.
                                                          ATTORNEYS FOR PLAINTIFF